■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JACKIE W. GIBSON, Respondent.— Appeal by the People from an order of the Supreme Court, Queens County, dated April 28, 1971, which granted defendant's motion to arrest judgment and dismissed the indictment. Order reversed, on the law, motion denied and case remanded to the Criminal Term for imposition of sentence. Defendant was indicted on September 24, 1969 for robbery in the first degree. On February 17, 1970, he withdrew his plea of not guilty and pleaded guilty to robbery in the second degree. He was continued on bail pending

sentence; however, at the taking of the plea, and with his consent, no date for sentencing was set or mentioned. The case appeared on the calendar for sentencing on February 18, 1971, at which time Criminal Term conducted a hearing on defendant's motion for arrest of judgment. In granting the motion and dismissing the indictment, Criminal Term held that under the circumstances shown in the record the one-year delay in setting the matter down for sentencing was extremely long and unreasonable. We disagree with that conclusion. At the hearing, John W. Norris, Probation Supervisor of the Supreme Court, Queens County, testified, without contradiction, that his department was unable to process defendant's report any sooner, because at the time it was laboring under a severe shortage of personnel and had pending before it a tremendous number of cases assigned by the court. He also pointed out that defendant was free on bail and that the Administrative Judge of the court had directed him to accord priority to jail cases. From the foregoing testimony it is clear that the delay was not attributable to the prosecutor, but rather to the plethora of cases assigned to an understaffed Probation Department for investigation and report. We conclude that under the circumstances the one-year delay was neither extremely long nor unreasonable (cf. *People* v. *Ganci*, 27 N Y 2d 418; *People ex rel. Cassone* v. *Fay*, 18 A D 2d 1095); and, accordingly, Criminal Term was not divested of jurisdiction to impose sentence upon defendant (cf. *People ex rel. Cassone* v. *Fay, supra*). Likewise, the failure of the Probation Department to process defendant's report expeditiously cannot be attributed to defendant. During the hiatus, he was presumably available and ready to be sentenced. In the last analysis, delays such as encountered in this case have their roots in the failure of the State and local governments to provide facilities and personnel sufficient to keep pace with the constantly increasing incidence of crime (see *People* v. *Ganci, supra*, p. 423). Hopkins, Acting P. J., Munder, Martuscello, Latham and Shapiro, JJ., concur.