■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANCIS KEARSE, Appellant, v. JOHN L. ZELKER, as Superintendent of Green Haven Correctional Facility, Respondent.— In a habeas corpus proceeding, relator appeals from a purported judgment of the Supreme Court, Dutchess County, which the notice of appeal states was entered October 4, 1971. No judgment was entered and the appeal was apparently taken from a decision of that court rendered the same day. Appeal dismissed, without costs. No appeal lies from a decision. However, we have considered appellant's contentions and, if the appeal were properly before us, we would affirm. Hopkins, Acting P. J., Munder, Martuscello, Gullota and Christ, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ARTHUR WEINGARD, Respondent, v. J. LELAND CASSCLES, as Superintendent of Ossining Correctional Facility, Appellant.— In a habeas corpus proceeding, the appeal, as limited by appellant's brief, is from so much of a judgment of the Supreme Court, Westchester County, entered April 3, 1972, as, on reargument, adhered to the original decision sustaining the writ. Order reversed insofar as appealed from, on the law and the facts, without costs, and writ and petition dismissed. On September 29, 1969, relator pleaded guilty to abortion in the second degree in satisfaction of all counts of a consolidated indictment. On April 30, 1971 he was sentenced to a maximum of four years. The basis for the instant proceeding is the 19-month delay between the plea and sentence. In sustaining the writ, Special Term held that the delay was long and unreasonable and violated relator's right to have a speedy disposition of his case. We do not agree with that conclusion. The papers submitted below conclusively show that the delay was due to the inability of an understaffed Probation Department to investigate and report at an earlier date. Under the circumstances, the delay herein was neither extremely long nor unreasonable (*People* v. *Gibson*, 39 A D 2d 947). Hopkins, Acting P. J., Munder and Martuscello, JJ., concur; Christ, J., dissents and votes to affirm, with the following memorandum, in which Gulotta, J., concurs: In my opinon, a delay of 19 months between plea and imposition of sentence, caused by the inability of the Probation Department to produce a presentence report, is an extremely long and unreasonable delay resulting in a loss of jurisdiction to impose sentence (*People ex rel. Harty* v. *Fay*, 10 N Y 2d 374, 379; *People* v. *Monaghan*, 34 A D 2d 815, 817; *People* v. *Newcombe*, 18 A D 2d 1087). The failure of the Probation Department to produce a report for relator's sentencing with reasonable expedition is not attributable to him (*People* v. *Gibson*, 39 A D 2d 947). It is instead symptomatic of the increasing inability of State and local governments to provide the services and facilities necessary to eliminate or minimize undue delay in the disposition of criminal cases (*People* v. *Ganci*, 27 N Y 2d 418, 423). That inability will continue and it will deepen until the public and its representatives become sufficiently aware of the high cost at which it is purchased. Until sentence is imposed, defendants guilty of serious crimes often remain at liberty to commit more crimes. In other cases, indigent defendants whose convictions will eventually be reversed on appeal languish in jails and prisons for months and years until sentence is imposed and an appeal can be taken. "Not only orderly administration of the courts and the public interest therein demand prompt disposition of these matters but a convicted defendant also has an enforceable interest in having judgment pronounced " (*People ex rel. Harty* v. *Fay*, 10 N Y 2d 374, 379 *supra*). We should enforce that interest in this case.