Moses M. Weinstein, J.
This petition for a writ of habeas corpus is actually a motion to vacate judgment on the grounds that the court lacks jurisdiction over the person of defendant (CPL 440.10, subd 1, par [a]). Among defendant’s two contentions is an issue of first impression, namely, does the Agreement on Detainers (CPL art 580) apply to a convicted but not yet sentenced defendant who is incarcerated in a sister State? Additionally, defendant contends that the delay of 20 months between plea and sentence deprives the court of jurisdiction over him and thereby compels vacation of his conviction and dismissal of the indictment.
Defendant Vertís Randolph was indicted in Queens County for grand larceny in the third degree. On May 14, 1974 he pleaded guilty to an attempt to commit that crime and he was continued on bail pending sentence which was to be imposed on June 13, 1974. Defendant never appeared for sentencing and on June 13, 1974 bail was declared forfeited and a bench warrant issued.
Defendant fled to North Carolina where he was arrested on an unrelated matter. The New York authorities learned of his arrest and filed a detainer warrant against him there on August 6, 1974. On September 10, 1974 defendant was convicted of assault in North Carolina and sentenced to a prison term of seven years which he is currently serving. The New York warrant was then lodged at defendant’s place of incarceration.
In October and December, 1974 defendant made motions in Queens Supreme Court addressed to his guilty plea. The motions were marked off calendar since defendant was not in the jurisdiction.
In February, 1975 the Supreme Court in Queens County received a communication from defendant inquiring into the disposition of his prior motions and into the indictment to which defendant had pleaded guilty. Defendant was notified *1024 that the motions would be disposed of when he appeared before the court.
In May, 1975 defendant again wrote to the court, this time concerning the detainer warrant lodged against him and the court sent the District Attorney a copy of the defendant’s letter. That latest communication, received on May 5, 1975, will be considered a request for final disposition pursuant to CPL 580.20 (art III, subd [a]), known as the Agreement on Detainers. If the agreement applies to those in defendant’s position, his motion must be granted since he was not sentenced within 180 days of his request.
The Agreement on Detainers, which has been adopted in North Carolina (Gen Stats, §§ 148-89-148-95) provides, in relevant part, that where a detainer is lodged against a prisoner based upon an untried accusatory instrument of another State, that prisoner must be transported to the sister State for final disposition of the untried charges. The procedural framework for effectuating the agreement is contained therein and is triggered by the prisoner’s request for final disposition of the untried charges (CPL art 580).
Throughout the statute are constant references to untried matters (e.g., CPL 580.20, arts I, III, IV, V). In fact, subdivision (d) of article V states that, "The temporary custody referred to in this agreement shall be only for the purpose of permitting prosecution on the charge or charges contained in one or more untried indictments”. Nowhere does the statute provide that a request to be sentenced must be given the same prompt attention as the request to be tried.
Even though article IX of the agreement commands a liberal construction of the statute in order to effectuate its purposes, a judicially created amendment broadening the statute’s applicability to tried but not sentenced defendants constitutes more than mere liberal construction. As noted in the Practice Commentary to CPL 580.20 (McKinney’s Cons Laws of N.Y., Book 11A), because of its interstate applicability, no substantive changes are made in the statute. If the agreement is to be enlarged to include those in the defendant’s position, it is for the Legislatures of the several signatory States to accomplish that result.
That a convicted but not sentenced defendant is not "untried” within the meaning of the agreement is borne out by CPL 1.20 (subd 11), which provides that a trial concludes with *1025 the rendition of a verdict, or, in defendant’s case, with the entry of a plea of guilty (see, also, CPL 1.20, subds 11, 12, 13).
Since the pending matter is not untried and since the court has no authority to amend the statute, the court concludes that the first question regarding the applicability of the Agreement on Detainers must be answered in the negative.
There remains the issue of whether the court lost jurisdiction over the defendant by virtue of the delay of 20 months so far elapsed between plea and sentence.
The People may not be charged with the period of delay from May 14, 1974 until August 6, 1974 when the People first learned of defendant’s whereabouts and lodged the detainer warrant. During that time defendant had absconded from the jurisdiction and the People cannot be held accountable for the delay which was occasioned by defendant’s own actions. Therefore, the People can be held responsible only for a 17-month delay. Although defendant was incarcerated in another State, the People could have had him produced for sentencing pursuant to CPL article 570 (Uniform Criminal Extradition Act) which was adopted by North Carolina (Gen Stats, §§ 15-55-15-84) and which applies to those in defendant’s position.
The law in New York is well settled to the effect that a long and unnecessary failure to sentence deprives a court of jurisdiction (People ex rel. Harty v Fay, 10 NY2d 374). Unexplained delays of eight (People v Monaghan, 34 AD2d 815), six (Harty, supra), and four years (People v Newcombe, 18 AD2d 1087), have been held sufficiently long to deprive the courts of jurisdiction. On the other hand, delays of 19 (People ex rel. Weingard v Casscles, 40 AD2d 530) and 12 months (People v Gibson, 39 AD2d 947) which were attributed to court congestion were held not to be of sufficient duration to divest the courts of jurisdiction.
The instant case presents a factual pattern somewhere between the two afore-mentioned sets óf cases. Here that portion of the delay attributable solely to the People’s neglect amounts only to 17 months. The court finds that this period of time between plea and sentence does not qualify as the "extremely long and unreasonable [delay]” to which the Harty rule applies (Harty, supra, p 379) and that defendant is therefore not entitled to vacation of his plea and dismissal of his indictment.
While a loose reading of Weingard (supra) and Gibson (supra) might support the conclusion that the court counte *1026 nanced the delays therein only because the People had done nothing to aggravate the delays, it must be remembered that the defendants in Weingard and Gibson were available at all times for sentence and still the court denied their applications. It must likewise be remembered that there would have been no delay at all in this case had defendant Randolph not fled to North Carolina. The court concludes that where a defendant has by his own acts initiated the delay in sentencing, that delay must be of longer duration than 17 months to invoke the Harty rule (Harty, supra, p 379).
However, the court directs the District Attorney to take the appropriate action forthwith to have defendant produced for imposition of sentence. Should the defendant be not so produced within 60 days of the date of entry of the order accompanying this decision, the court will favorably entertain a renewal of defendant’s motion.
The motion to vacate judgment, dismiss the indictment and vacate the detainer warrant, is denied.