■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH H. DRAKE, JR., Appellant. — Appeal from a judgment of the County Court of Albany

County (Clyne, J.), rendered March 19, 1982, upon a verdict convicting defendant of the crime of grand larceny in the third degree. Defendant, employed in a supervisory capacity with the New York State Department of Taxation and Finance, was called for jury duty in Albany County during the May, 1976 term of the County Court. Under the procedures then prevailing for State employees serving as jurors, he was entitled to fully compensable leave time for the days during the term that he actually was required to serve, but was expected to return to his normal duties whenever excused from jury duty. His indictment and conviction for grand larceny in the third degree arose out of the result of an investigation allegedly revealing that whereas he only actually served as a juror for a total of four days during the term, he marked and submitted a State employee time card so as to indicate that he was absent by reason of jury duty several additional days. It was thus the theory of the prosecution that as to those additional days, he was paid full salary for what was in effect noncompensable unauthorized leave time. Contrary to defendant's contention, there was sufficient evidence to establish the commission of a larceny by false pretenses. Court records introduced in evidence constituted proof that defendant was not actually serving as a juror on the days in question. The jury could also have inferred that defendant did not report for work at any time during those same days, since defendant himself had reported his being absent on those days. Defendant does not seriously dispute that the manner in which he filled out and submitted the time card constituted a representation concerning the time he was required to be absent by reason of jury service. He does, however, attack the sufficiency of the proof that the State paid him additional moneys in reliance on the representations contained on the time card, since the proof showed that, under the State's payroll system, his salary checks for the pay periods covering the days under consideration were issued *before* he turned in the time card. However, this argument is unavailing. There was also evidence that had he accurately reported his absences from work, an appropriate deduction from his salary would have been made in his succeeding paycheck. Thus, the only fact which is debatable is whether the larceny occurred during the pay period covering his unauthorized absences, as alleged in the indictment, or in the next pay period, when the appropriate deduction from his salary would have been entered. Therefore, since the date of the misappropriation of State funds is not a material element in the crime of larceny, such a discrepancy (here not otherwise prejudicial) is not a fatal variance (*People v La Marca,* 3 NY2d 452, 458-459). Next to be considered is defendant's contention that County Court erred in denying, without a hearing, his motion to dismiss the indictment on the basis of selective prosecution. We find no such error. Defendant's moving papers were insufficient to make out a prima facie case that he was invidiously discriminated against in being selected for criminal prosecution rather than internal disciplinary action. At most, his papers demonstrate that a previous policy may have existed in similar cases to handle them on a noncriminal basis. However, defendant was not the only person prosecuted for submitting falsified time cards, and he has made no evidentiary showing whatsoever that he was singled out for prosecution without any intention to follow it up by general enforcement against others. Hence, his application was insufficient as a matter of law (*People v Goodman,* 31 NY2d 262, 269; *People v Utica Daw's Drug Co.,* 16 AD2d 12, 21). Finally, in our view, County Court did not lose jurisdiction over defendant's case because of delay between the jury verdict in December, 1978 and the imposition of sentence in March, 1982. In *People ex rel. Harty v Fay* (10 NY2d 374), the Court of Appeals held that a long and unnecessary failure to sentence is not only error but results in lack of

jurisdiction. The court reached this conclusion because of the strong public interest in the prompt disposition of criminal matters, and also because a convicted defendant has "an enforceable interest in having judgment pronounced" (*id.*, at p 379), such as the right not to be prevented from seeking pardon or commutation of sentence, or not to be delayed in prosecuting an appeal or in promptly serving a sentence. In *People ex rel. Harty,* the court did not attempt to catalog the possible factors justifying lengthy delay. It merely held that with respect to the delay of some six years in that case "we find here nothing that the law would accept as a reason" (*id.*, at p 379). Subsequent cases, however, have limited application of the drastic sanction of loss of jurisdiction to instances when it was the prosecution's failure, without good reason, to bring a defendant on for sentence (see, e.g., *People v Monaghan,* 34 AD2d 815; *People v Newcombe,* 18 AD2d 1087). Jurisdiction is not lost, however, if the delay was not attributable to nonaction of the People (see, e.g., *People ex rel. Weingard v Casscles,* 40 AD2d 530; *People v Gibson,* 39 AD2d 947), or where the delay was caused by the defendant or prompted on his behalf (*Matter of Root v Kapelman,* 67 AD2d 131; *Matter of Braunstein v Frawley,* 64 AD2d 772). In the instant case, County Court's oral decision on the record denying defendant's motion to dismiss sets forth the factual basis for the delay, namely, that following the trial, three different attorneys successively importuned the court to change its ruling denying a motion for a trial order of dismissal and, as in a companion case, to postpone the case so that it might otherwise be disposed of. Significantly, defendant was given two opportunities at the time of sentence to respond to the court's assertions: first, in being asked whether he had any comments upon the court's statement, and second, when afforded his general right of allocution. In neither instance did he or his attorney dispute the facts stated by the court. Indeed, defendant has not claimed on appeal that the facts were otherwise. Therefore, it appears to be uncontested that the delay in sentencing was at least partially caused by or at the behest of attorneys appearing on behalf of defendant, and in no way was the delay attributable to lack of diligence by the prosecution. Under such circumstances, the sanction of divestiture of jurisdiction is not mandated, and it was sufficient for the court to have taken the delay into account in imposing a sentence of an unconditional discharge. For all of the foregoing reasons, the judgment of conviction should be affirmed. Judgment affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.