■ In the Matter of JAMES HILL, Appellant, v E. W. JONES, as Superintendent of Great Meadow Correctional Facility, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Viscardi, J.), entered December 7, 1982 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to have a detainer from the State of New Mexico expunged from petitioner's prison records. This is an article 78 proceeding brought by petitioner, an inmate of Great Meadow Correctional Facility, to have a detainer from the State of New Mexico expunged from his prison records. Petitioner was in pretrial detention at the House of Detention for Men in New York City when the detainer was received from the New Mexico authorities. He was, following his conviction, transferred to Downstate Correctional Facility. While so confined petitioner requested the forms necessary to activate final disposition of the out-of-State charges. The forms designated as Form I and Form II were sent to petitioner, and within six days he forwarded a letter to the District Attorney of Bernalillo County, New Mexico, stating: "Pursuant to paragraph (A) Article 3 of said provisions [of the interstate agreement] this is a request for final disposition and whereas a request from your office for temporary custody be initiated pursuant to Article 4 thereto. Also, that I am protesting that I don't wish to waive Extradition regardless of any action that may be taken against me." The basis of the instant petition is that the State of New Mexico has failed to bring him to trial on the untried charges within 180 days and, therefore, they must be dismissed pursuant to CPL 580.20. Special Term dismissed the petition, holding that petitioner failed to comply with the provisions of the Interstate Agreement on Detainers set forth in CPL 580.20. This appeal ensued. More specifically, Special Term found that when petitioner wrote the District Attorney of Bernalillo County, New Mexico, he failed to send a written request for final disposition to the appropriate court of the prosecuting officer's jurisdiction and did not send the certificate of the appropriate official having custody of him as required by CPL 580.20 (art III, subd [a]). While petitioner alleges that he complied with the statute by sending a written notice and request for final disposition to the prison officials having custody of him, the prison records fail to show that such documents were ever received by prison officials and petitioner offered no proof to substantiate his allegation. Since Special Term could properly find on the present record that petitioner elected to bypass prison officials and attempted to communicate directly with the receiving State, the burden of compliance was on him. Furthermore, the record also demonstrates that petitioner refused to waive extradition. Considering the record in its entirety, we find no basis for disturbing Special Term's conclusion that petitioner failed to comply with the statute and, therefore, there should be an affirmance. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.