OPINION OF THE COURT
Edward J. McLaughlin, J.
The defendant, who pleaded guilty to possessing a controlled substance on June 30,1976, is before the court over six years later for sentence. Defendant, however, contends that the passage of time has caused the court to lose jurisdiction, rendering it unable to impose sentence. .
A synopsis of the facts is necessary to determine the applicable law. When the plea was accepted, the court promised defendant a six-month sentence to be served as a resident of the SERA drug program. That Judge also said that the defendant would receive one year in jail if he left the program. The defendant forfeited $200 bail when he failed to appear on the date of sentence. Four months later the defendant was returned to court when the bench warrant was executed. A Judge fixed bail of a $500 bond or a $350 cash alternative and ordered a presentence report. The defendant posted bail, yet failed to appear on the sentence date of January 31, 1977. On February 12, 1977, the defendant was arrested again; $5,000 bail was fixed on the new robbery charge and posted. Defendant failed to appear in Supreme Court on March 23, 1977, on the robbery case. The defendant was not returned to Criminal *202 Court in connection with this case during the 18-day period from February 12, 1977 until he posted bail.
The issue presented is whether either the setting of bail, while awaiting a presentence report, or the failure to bring the defendant to Criminal Court on this case during the 18 days caused the six-year delay.
While every defendant must be sentenced without unreasonable delay (CPL 380.30), not every extensive interval between conviction and sentence compels a dismissal.
In People ex rel. Harty v Fay (10 NY2d 374) inordinate and unexplained delays were condemned. The Court of Appeals declared that defendants in this State need not affirmatively demand sentencing. This, however, does not mean that when a defendant’s own conduct, such as submitting motions (People v Drake, 92 AD2d 1011) or his failure to appear, causes the delay that he or she can expect a dismissal. The Court of Appeals did not specify the delays which would justify gaps between conviction and sentence as extensive as here.
Absconding defendants are treated differently from those who are not sentenced due to a lack of diligence on the part of the State. As a person knowingly may waive the right to be present at trial (People v Parker, 57 NY2d 136; People v Epps, 37 NY2d 343), a defendant who flees may be sentenced in absentia (Matter of Root v Kapelman, 67 AD2d 131). Defendant’s conduct, in repeatedly failing to return to court for sentence, places him in the category of absconding defendants. His arguments that the court should have remanded him rather than fix bail do not merit discussion. More significantly, he argues that the failure to lodge a warrant, or take other steps to bring him to court while he was incarcerated on the robbery charge, is akin to the failure of law enforcement authorities to act speedily to acquire custody of one detained in another jurisdiction (cf. People v Winfrey, 20 NY2d 138; People v Monaghan, 34 AD2d 815).
The 18 days of inactivity in this case, even if construed as error, did not cause the court to lose jurisdiction. The period is insignificant when compared with chargeable nonfatal delays (e.g., 11 months in Matter of Braunstein v *203 Frawley, 64 AD2d 772; 1 year in People v Gibson, 39 AD2d 947; 17 months in People v Randolph, 85 Misc 2d 1022).
In short, the defendant, knowing he would receive one year’s imprisonment due to his failure to attend the drug program,* fled the court at every opportunity. He now is present and, unlike those sentenced in Root {supra) may offer, either personally or through counsel, any facts in mitigation of his conduct. Consequently, the sentencing will proceed.

 The sentence must reflect facts known to the sentencing Judge, not merely known at the time of plea. Judges correctly ordered presentence reports despite the promise. This principle became the holding in People v Farrar (52 NY2d 302).