OPINION OF THE COURT
Harold E. Koreman, P. J.
Defendant requests dismissal of the subject claim for malicious prosecution, negligent investigation, and deprivation of civil rights on the ground that the claim fails to state a cause of action.
Claimant, while an employee of the New York State Department of Taxation and Finance, was investigated by the Special Investigation Bureau and was subsequently indicted by. an Albany County Grand Jury on the charge of larceny by false pretense. Upon presentation of evidence that he had falsified his time card to procure payment for unauthorized leave, Mr. Drake was convicted by a jury on December 5, 1978. A motion to dismiss the indictment and a request for a new trial were denied on December 15, 1978. Sentencing did not occur, however, until March 20 1982, some 39 months after conviction. On appeal the *310 Appellate Division, Third Department, found that there was sufficient evidence to sustain the conviction and affirmed the same, also holding that the long delay in sentencing did not deprive the trial court of jurisdiction (People v Drake,. 92 AD2d 1011). On further appeal the Court of Appeals, while agreeing that the evidence was sufficient to convict Mr. Drake of larceny, found that the 39-month delay in sentencing was unreasonable and “unless excused it resulted in a loss of jurisdiction requiring dismissal of the indictment” (People v Drake, 61 NY2d 359, 367). Accordingly, the Court of Appeals modified the Appellate Division’s order and remitted the case to Albany County Court for further proceedings. By a decision in County Court (May 18, 1984, Harris, J.),' the indictment against Mr. Drake was dismissed. On August 6, 1984, claimant filed the subject claim seeking damages from the State for its involvement in the criminal investigation and prosecution.
With respect to the claimant’s civil rights action (US Code, tit 42, § 1983) said Federal statute does not provide the basis for a cognizable claim against the State of New York (see Matter of Thomas v New York Temporary State Comm. on Regulation of Lobbying, 83 AD2d 723; see, also, Monell v New York City Dept. of Social Servs., 436 US 658, 690, 691). Rather, claimant must resort to the traditional State remedies available to him (Smith v County of Livingston, 69 AD2d 993, 995). In this regard, however, the courts of this State do not recognize a cause of action for negligent prosecution or investigation (Jestic v Long Is. Sav. Bank, 81 AD2d 255; La Mar v Town of Greece, 97 AD2d 955, 956). An individual who alleges that he has been wrongfully prosecuted must find recourse in an action for malicious prosecution, and is required to establish more than mere negligence; his burden is to prove want of probable cause and malice (Burt v Smith, 181 NY 1). Furthermore, in order to successfully maintain a malicious prosecution claim it is paramount that claimant establish that the criminal proceeding terminated in his favor (Broughton v State of New York, 37 NY2d 451, 457). Although the indictment against Mr. Drake was ultimately dismissed we are not of the opinion that this disposition was necessarily a “favorable termination” for purposes of this malicious prosecution action. In assessing whether a criminal proceeding was terminated in the accused’s favor we must look beyond the issue of whether a conviction was ultimately entered, for, as stated by the Court of Appeals in Hollender v Trump Vil. Coop. (58 NY2d 420), the party who instigates a malicious prosecution action has met his burden of establishing *311 that the criminal proceeding was terminated in his favor “ ‘only when [the] * * * final disposition is such as to indicate * * * innocence’ ” (supra, at pp 425-426 [citing Restatement, Torts 2d, § 660, Comment a). In the instant case the Court of Appeals, while finding that the delay in sentencing was unreasonable, agreed with the lower courts’ findings that the evidence sufficiently established Mr. Drake’s guilt on the criminal charge, a holding which is contrary to any claim of innocence. In light of the foregoing, it is our opinion that the mere technical dismissal of the indictment against Mr. Drake based on the prosecution’s failure to procure speedy sentencing does not supply the requisite condition of a “termination of the proceeding in favor of the accused” (Broughton v State of New York, 37 NY2d 451, 457, supra) so as to permit a malicious prosecution claim to be maintained (see, generally, Zebrowski v Bobinski, 278 NY 332, 333, 334; Halberstadt v New York Life Ins. Co., 194 NY 1, 8-11).
From all of the foregoing it is apparent that claimant’s various allegations do not properly state a cause of action and it is therefore ordered that claim No. 69721 be and is hereby dismissed.