OPINION OF THE COURT
Loren N. Brown, J.
This is an application, pursuant to CPLR article 78, seeking an order vacating warrants from the State of New Jersey on file at the Great Meadow Correctional Facility, and an order denying New Jersey’s request for temporary custody pursuant to CPL 580.20 (Agreement on Detainers). The respondent opposes the petition in all respects.
The petitioner is serving a sentence of 7 to 14 years. Upon his incarceration at Great Meadow, the State of New Jersey lodged warrants at the institution charging numerous violations of law in New Jersey. The petitioner alleges that on February 8,1984, he sent notarized letters to the Superior Court of New Jersey, Bergen County, and to Larry J. McClure, the District Attorney of Bergen County, requesting disposition of the pending charges in New Jersey. There is no dispute that the petitioner did not notify the prison authorities, pursuant to CPL 580.20, to trigger that section, but, instead, allegedly contacted New Jersey officials directly, and by ordinary mail.
The purpose of the Agreement on Detainers is to “encourage the expeditious and orderly disposition of * * * charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints.” (CPL 580.20, art I.) The provisions of the Agreement are not self-executing. In order to trigger the provisions of CPL article 580, the prisoner must cause to be delivered to the warden, Commissioner of Corrections, or other persons having custody of him, a *936 request for a final disposition of the untried indictment, information or complaint which resulted in the detainer. The request must then be forwarded by the official along with “a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner.” (CPL 580.20, art III [a].) The written notice is then forwarded to the appropriate court and prosecuting official by registered or certified mail, return receipt requested. (CPL 580.20, art III [b].)
A review of the relevant cases shows that the procedures required by the statute must be closely adhered to. (People v Primmer, 59 AD2d 221; Matter of Hill v Jones, 94 AD2d 904.) Such strict adherence to statutory procedure is, of course, wise. If courts glossed over the requisite notice provisions, the aforementioned purpose of the statute would be undermined.
The court finds that the alleged direct mailing of the request to the court and District Attorney, without a certificate, and by regular mail does not meet the burden of compliance with the statute. (See, Matter of Hill v Jones, supra.)
The lower court decision of People v Randolph (85 Misc 2d 1022), relied upon by the petitioner, does not support a different result. In Randolph, the court deemed a direct mailing to be sufficient. However, the defendant in that case had been incarcerated in North Carolina and wrote to the Supreme Court in Queens County requesting disposition of New York charges. The Supreme Court then forwarded the request to the District Attorney of Queens County. In those circumstances, the court patently could not deny that the appropriate agencies had been notified. Unlike the case at bar, the need for proof of mailing, supplied by a postal receipt, was not present.
Accordingly, the petition is, in all respects, denied.