■ NORMAN H. KENYON et al., Appellants, v STATE OF NEW YORK, Respondent.—Mikoll, J. Appeal from an order of the Court of Claims (Koreman, P. J.), entered May 16, 1985, which granted the State's motion to dismiss the claim.

Claimant Norman H. Kenyon (hereinafter claimant) was employed by the Department of Labor as a worker in the

reproduction unit of the print shop. The print shop generated a large quantity of scrap paper which was divided into two categories: scrap from the cutter machine (cut scrap) and scrap from the presses (press scrap). The usual practice was for the press scrap to be treated as garbage and the cut scrap to be sold to Consolidated Fibers Company.

There came a time when claimant and other employees in the print shop unit obtained permission from the head of the print shop to remove the press scrap from the garbage bins for their personal use. These employees then sold the press scrap to a scrap dealer and used the proceeds to fund office Christmas parties and other social events. Claimant was responsible for keeping the records and books regarding these funds. Following an investigation, a felony complaint was filed against claimant alleging that he had committed the crime of grand larceny in the third degree. Claimant was indicted on December 6, 1983 by an Albany County Grand Jury.

Claimant had been suspended without pay on October 20, 1983 and charged with misconduct in connection with his actions regarding the scrap paper. The matter went to arbitration pursuant to the collective bargaining agreement between the State and the Civil Service Employees Association. The arbitrator found that there was "no probable cause for grievant's suspension on October 20, 1983" and directed that claimant be restored to his position with back pay.

In ruling on an omnibus motion brought by claimant in the criminal prosecution, County Court held that there was legally sufficient evidence before the Grand Jury to sustain the indictment. At a subsequent hearing held March 1, 1984, the same court granted claimant's motion to dismiss the indictment "in the interest of justice" pursuant to CPL 210.40, holding that "a judgment of conviction would serve no useful purpose in this case and would constitute an injustice".

Claimant and his wife thereafter filed a claim against the State alleging actions for breach of process, defamation, false arrest, intentional infliction of emotional harm, malicious prosecution and slander. Upon the State's motion, the Court of Claims, by order dated May 1, 1985, immediately dismissed all of the causes of action except the one for malicious prosecution. However, in a decision dated the same date, the Court of Claims ruled that the termination of the criminal proceeding by a dismissal in the interest of justice did not constitute a "termination in favor of the accused" and, therefore, ordered dismissal of the malicious prosecution cause of action. An

order to that effect was entered May 16, 1985, and this appeal by claimant from the latter order ensued.

The order of the Court of Claims directing dismissal of the cause of action for malicious prosecution should be affirmed. The dismissal of the criminal indictment "in the interest of justice" pursuant to CPL 210.40 did not constitute a termination favorable to claimant. It was not equivalent to an acquittal of the charge stated in the indictment.

There are four basic elements necessary to sustain a cause of action for malicious prosecution: "(1) the initiation of a proceeding, (2) its termination favorable to plaintiff [or claimant], (3) lack of probable cause, and (4) malice" *(Colon v City of New York,* 60 NY2d 78, 82). The mere dismissal of an indictment in the interest of justice is not a termination favorable to the accused. A defendant has the burden of showing that the " 'final disposition is such as to indicate innocence' " *(Hollender v Trump Vil. Coop.,* 58 NY 420, 425-426, quoting Restatement [Second] of Torts § 660 comment a). "A dismissal 'in the interest of justice' is neither an acquittal of the charges nor any determination of the merits. Rather, it leaves the question of guilt or innocence unanswered" *(Ryan v New York Tel. Co.,* 62 NY2d 494, 504-505).

In the case at bar, claimant makes no showing that the final disposition of the criminal charge alleged against him indicated his innocence. County Court, prior to considering the motion to dismiss "in the interest of justice", found that the minutes of the Grand Jury contained sufficient evidence to sustain the indictment although he characterized the proof of claimant's guilt as marginal. At the arbitration hearing, claimant's testimony indicated that he received the proceeds of the scrap paper sale from his co-workers knowing where the money came from, put the money in a bank account in his and another's names, and disbursed the money to pay for outings for the benefit of workers in the print shop.

Claimant argues that the finding of the arbitrator in his favor necessarily establishes that he was innocent of the criminal charges brought against him and establishes a lack of probable cause for the indictment. However, the issue before the arbitrator related to whether the State had probable cause to suspend him in the context of the collective bargaining agreement, and a finding of guilt or innocence or whether there was probable cause to bring the charges was not necessary to the arbitrator's decision. Therefore, the issues in the arbitration proceeding and in the Court of Claims were not identical.

Claimant failed to demonstrate that there was no probable cause for the criminal charge and that those who brought the indictment against him had actual malice. County Court's statement made in explanation of its reasons for granting a dismissal "in the interest of justice" and its finding that the Grand Jury minutes contained sufficient evidence to sustain the indictment create a presumption of probable cause *(see, Colon v City of New York, supra)*, which claimant failed to rebut. There is a lack of sufficient evidence to sustain a finding of actual malice.

Order affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.