■ BRADLEY B. DAVIS, Respondent, v STATE OF NEW YORK, Appellant.—Yesawich, Jr., J.

Claimant was awarded $7,500 in damages for his arrest and detention by the State Police. It is the State's contention on appeal that claimant was arrested pursuant to a facially valid warrant issued by a court of competent jurisdiction and that since claimant failed to establish the State Police intentionally falsified material facts to procure issuance of the warrant, a prima facie case of false arrest was not made out. We agree.

On the evening of September 2, 1982, the 1977 Buick Estate Wagon claimant was operating skidded off Bone Hollow Road in the Town of Marbletown, Ulster County, and came to rest in an adjacent ditch; the accident did not involve another vehicle, pedestrian or cause any personal injury. Unable to drive the car out of the ditch claimant left to keep a previous dinner engagement, returning to the scene later that evening to retrieve his luggage. He asked a dinner companion to report the incident to area police and departed, intending to

have his brother, a nearby resident, care for the car when the latter returned from vacation. Two days later, a passerby, believing the car presented a hazard to motor vehicle operators in that the rear portion thereof was on the pavement, notified the State Police. Trooper Michael Miszko responded. He examined the car at the scene and arranged to have it towed to a local garage. Photographs of the vehicle depict a damaged hood, grill and right front quarter panel; however, it is disputed by claimant when that damage was incurred. When efforts to uncover the name of the driver or owner proved unavailing, the trooper instructed the garage not to release the car until permission had been secured from him.

Several weeks later the trooper discovered a man had advised garage personnel that the trooper had given him permission to remove the license plates and had left a check for $400, representing a partial payment to repair the damages, estimated not to exceed $800. Further investigation developed that claimant had been the driver, that a Long Island concern which the trooper unsuccessfully sought to locate was the owner, and that claimant had not reported the accident to the Department of Motor Vehicles as required by Vehicle and Traffic Law § 605 (a). Through claimant's brother, the trooper learned of claimant's whereabouts (an attorney residing in New York City), contacted him, confirmed he was the driver and that the local police had been timely apprised of the incident and that claimant had not notified the Department of Motor Vehicles. The trooper then informed claimant he intended to issue tickets to him. There is conflicting testimony as to whether claimant offered to accept the tickets by mail or pick them up the next time he was in the area. In any event, Trooper Miszko, convinced that Vehicle and Traffic Law § 605 (a)—which required a written report (a MV-104 form) be submitted to the Department of Motor Vehicles within 10 days of an accident irrespective of whether personal injury was sustained—had not been complied with, obtained a warrant for claimant's arrest.

The warrant was executed on October 26, 1982 at claimant's New York City law office. Given the option of being arraigned locally or being transported to Marbletown, claimant elected the latter, in the course of which he maintains he was handcuffed; he was arraigned before the Town Justice who had issued the warrant and pleaded not guilty. The charges were eventually dismissed in the interest of justice and this claim ensued.

At the time relevant herein, Vehicle and Traffic Law § 605 (a)

provided, *inter alia,* that any person involved in an accident within the State which results in property damage exceeding $400 "*shall* within ten days of such accident report the matter *in writing* to the commissioner [of Motor Vehicles]" (emphasis supplied). Failure to do so constitutes a misdemeanor (Vehicle and Traffic Law § 605 [b]).

"Probable cause" is said to consist of "such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe [the party] guilty" *(Colon v City of New York,* 60 NY2d 78, 82). The record herein contains such facts and circumstances. Trooper Miszko's investigation disclosed: (1) an abandoned automobile in a ditch from which it could not be extricated without the aid of a tow truck; (2) physical damage to the car of sufficient gravity as to warrant the trooper's belief, subsequently confirmed, that it exceeded $400; and (3) that a written report had not been filed with the Commissioner of Motor Vehicles as required by Vehicle and Traffic Law § 605 (a). This evidence, though insufficient to justify a conviction, afforded ample basis for the warrant *(see, People v Miner,* 42 NY2d 937, 938).

That claimant arranged for "oral notice" of the accident to be given to the local police department does not, as the trial court concluded, satisfy the statutory mandate that written notification be furnished to the Commissioner of Motor Vehicles. The Legislature has ordained that written notice best assists the sovereign in the discharge of its responsibility of regulating and monitoring the highway, licensing and insurance systems of this State; it is not for the judiciary to determine otherwise.

Nor are we persuaded that Trooper Miszko made intentionally fraudulent statements or fabricated facts to obtain the warrant. Improprieties on the trooper's part found by the trial court, of which there were several, did not, in our view, infect resolution of the ultimate issue: whether he had probable cause to believe claimant committed a crime. As to this, the State elicited testimony from the trooper verifying all the facts necessary to establish probable cause to suspect claimant had violated Vehicle and Traffic Law § 605 (a). These facts were the product of the trooper's personal observation and investigation. His failure to inform claimant's dinner companion that the supporting deposition he apparently induced her to sign would be used to obtain a warrant for claimant's arrest, the inadvertent verification of her signature by the Town Justice, and the fact that his trial testimony was incoherent and at times contradictory, does not vitiate the pres-

ence of probable cause. Additionally, the Town Justice who issued the warrant testified that he did so on the strength of Trooper Miszko's testimony alone. The arrest, therefore, though unfortunate, was valid.

Since claimant did not file a notice of appeal, we are foreclosed from considering his argument that the trial court improperly denied his request to amend his claim to assert a cause of action for malicious prosecution. Were we at liberty to do so, we, too, would reject it, not only because it was time barred (see, Trayer v State of New York, 90 AD2d 263), but also for lack of a requisite element, the inability of claimant to show that the criminal prosecution terminated in his favor (see, Colon v City of New York, 60 NY2d 78, 82, supra; Kenyon v State of New York, 118 AD2d 942, 944). And insofar as claimant urges that his notice of claim sets forth a compensable cause of action for an alleged violation of 42 USC § 1983, the law is unequivocal that this section does not give rise to a cognizable claim against the State or a department thereof (see, Matter of Thomas v New York Temporary State Commn. on Regulation of Lobbying, 83 AD2d 723, affd 56 NY2d 656; Drake v State of New York, 126 Misc 2d 309, 310, affd 115 AD2d 834).

Judgment reversed, on the law, without costs, and claim dismissed. Kane, J. P., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.