817 P.2d 1080

Adam T. LUNDGREN, Plaintiff–
Appellant,

v.

CITY OF McCALL, Idaho, Defendant–
Respondent.

No. 18576.

Supreme Court of Idaho,
Boise, January 1991 Term.

Oct. 1, 1991.

Rehearing Denied Oct. 1, 1991.

Lojek & Gabbert, Chartered, Boise, for plaintiff-appellant. Donald W. Lojek argued.

Cantrill, Skinner, Sullivan & King, Boise, for defendant-respondent. Frank P. Kotyk argued.

BISTLINE, Justice.

On July 4, 1986, the appellant Lundgren went to McCall, Idaho, to watch the city's fireworks. Many of the people gathered for the event were drinking beer and setting off illegal fireworks. That evening Lundgren was struck in the right eye with what he believes was a bottle rocket, and as a result he lost all sight in that eye. Lundgren brought a suit against the city of McCall based on the Idaho Tort Claims Act and 42 U.S.C. § 1983. Lundgren contended that the McCall police enforced the open container law but not the fireworks law while the city of McCall argued that the police enforced both ordinances as best they could in the unruly atmosphere. Before trial the district court dismissed Lundgren's 42 U.S.C. § 1983 claim and granted the city's motion for summary judgment on Lundgren's claim under the Idaho Tort Claims Act (ITCA).

■ We first address the grant of summary judgment on the ITCA claim. Summary judgment is appropriate only when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c); *Rawson v. United Steelworkers of Am.*, 111 Idaho 630, 633, 726 P.2d 742, 745 (1986). The district court, and this Court upon review, must liberally construe the facts in the existing record in favor of the nonmoving party and draw all reasonable inferences from the record in favor of the nonmoving party. *Doe v. Durtschi*, 110 Idaho 466, 469, 716 P.2d 1238, 1241 (1986).

■ The ITCA claim revolves around the issue of whether the city owed a legal duty to Lundgren to protect him from illegal fireworks. Municipalities are not liable for the failure to provide police protection in the absence of a special relationship or duty to particular individuals. *Kircher v. City of Jamestown*, 74 N.Y.2d 251, 544 N.Y.S.2d 995, 543 N.E.2d 443 (1989) (city is immune from liability to crime victim for officer's failure to respond to witnesses' report of victim's abduction, absent direct contact between victim and police and justifiable reliance by victim in assurances of

protection that would lead to requisite special relationship); *Potter v. Thieman*, 770 P.2d 1348 (Colo.App.1989) (city owes no duty to tavern owners where a shooting occurred, even though on previous day police removed guns from shooter's home and then allowed shooter to retrieve guns; special relationship ended when guns were returned).

The respondent's police officers did not have an absolute, all embracing duty to protect the appellant from all types of foreseeable harm. Police officers cannot guarantee the public protection from every potential tortfeasor or criminal. The case law cited to by Lundgren does not support his contention that the city owed him a duty of care. This is not a case of negligent entrustment, like *Ransom v. Garden City*, 113 Idaho 202, 743 P.2d 70 (1987), where the police entrusted the keys of a vehicle to an intoxicated person to drive. It is not a case of negligent inspection, like *Rawson v. United Steelworkers of America*, 111 Idaho 630, 726 P.2d 742, where the mine workers' union had a duty to exercise due care in inspecting the mine. Nor is it a case of negligent supervision, as in *Sterling v. Bloom*, 111 Idaho 211, 723 P.2d 755 (1986), where the plaintiff was hit by a drunk motorist who was on probation for driving under the influence. It is a claim of negligent police protection, for which there is no available authority to support a valid cause of action.

Lundgren has presented no facts or law showing that the city had a duty to protect him from harm. Absent such a duty, the city was entitled to a judgment as a matter of law and its motion for summary judgment was properly granted.

The second issue on appeal is whether the district court erred in granting the city's motion to dismiss Lundgren's 42 U.S.C. § 1983 action under I.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Our standard for reviewing a Rule 12(b)(6) dismissal is the same as our summary judgment standard. The nonmoving party is entitled to have all inferences from the record viewed in his or her favor and only then may the question

be asked whether a claim for relief has been stated. *Miles v. Idaho Power Co.*, 116 Idaho 635, 778 P.2d 757 (1989).

To state a claim under § 1983, a plaintiff must show that the conduct complained of deprived the plaintiff of a constitutional right. *Balistreri v. Pacifica Police Dep't.*, 855 F.2d 1421, 1424 (9th Cir. 1988). Mere negligence or lack of due care by state officials does not trigger the protections of the due process clause of the fourteenth amendment, and therefore does not state a claim under § 1983. The plaintiff must allege facts which establish deliberate or reckless indifference to his safety. *Balistreri*, 855 F.2d at 1424–25.

Lundgren failed to allege any facts showing that the McCall police acted with deliberate or reckless indifference to his safety. Lundgren's allegations that the police failed to enforce the fireworks ordinance at best state a claim for negligence, and fall well short of establishing deliberate or reckless indifference. The district court did not err in dismissing the § 1983 claim.

The district court's grant of the city's motion for summary judgment on the ITCA claim and its grant of the city's motion to dismiss the § 1983 claim are affirmed. Costs on appeal, not inclusive of attorney fees, are awarded to respondent.

JOHNSON, BOYLE and McDEVITT, JJ., concur.

BAKES, C.J., concurs in the result.