841 P.2d 453

**Forrest L. WIMER and Jack Hodge,
Plaintiffs–Appellants,**

v.

**STATE of Idaho, Defendant–Respondent.**

No. 19209.

Court of Appeals of Idaho.

Oct. 30, 1992.

As Amended Feb. 18, 1993.

Rapaich, Knutson & Chapman, Lewiston, for plaintiffs-appellants. Scott MacDonald Chapman argued.

Larry J. EchoHawk, Atty. Gen., Michael E. McNichols and Jack R. Little, Lewiston, Sp. Deputies Atty. Gen., for defendant-respondent. Jack R. Little argued.

SWANSTROM, Justice.

This is an appeal from an order granting summary judgment to the State of Idaho and against Forrest Wimer and Jack Hodge. Wimer and Hodge brought an action under the Idaho Tort Claims Act (ITCA) for damages against the state and two officers of the Department of Fish and Game, Mel Hedberg and William Snow, after the plaintiffs were investigated for killing elk illegally in Idaho County. No charges were filed against Hodge as a result of the investigation, but Wimer was prosecuted on four charges. A jury acquitted Wimer of illegally killing elk in a closed area, but he was found guilty of two misdemeanor hunting license violations. *See State v. Wimer*, 118 Idaho 732, 800 P.2d 128 (Ct.App.1990). Wimer and Hodge then brought this civil action for damages contending that the two fish and game officers had negligently conducted their investigation.

For reasons not germane to this appeal, the district court dismissed the action for damages, as against the two officers individually, on May 11, 1990; but the state's motion to dismiss was denied at the same time. The state later moved for summary judgment, and the district court granted that motion entering a judgment for costs in favor of the defendants. Wimer and Hodge filed a timely appeal raising but one issue: was summary judgment for the State of Idaho properly granted? They raise no issue concerning the dismissal of their claims against Hedberg and Snow. For reasons stated below, we affirm.

On appeal from the issuance of summary judgment, the appellate court exercises free review in determining whether a genuine issue of material fact exists. *Kugler v. Drown*, 119 Idaho 687, 809 P.2d 1166 (Ct. App.1991). Summary judgment is appro-

priate only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. I.R.C.P. 56(c); *Lundgren v. City of McCall*, 120 Idaho 556, 817 P.2d 1080 (1991). The district court, and this Court upon review, must liberally construe the facts in the record in favor of the nonmoving party and draw all reasonable inferences from the record in favor of the nonmoving party. *Id.* If the pleadings, depositions, admissions on file, and affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law, summary judgment is appropriate and "shall be rendered forthwith." I.R.C.P. 56(c).

In their complaint, Wimer and Hodge alleged that the state was liable for damages, on the theory of respondeat superior, for its officers' negligent investigation of a game violation. They also asserted that the state was liable for the negligent training of its fish and game officers. The alleged negligent conduct of the officers was their failure to examine and compare the tire tread on Wimer's vehicle with tread marks in the snow leading from the kill site to the place where Wimer's vehicle was parked, and their failure to disclose to the magistrate that the witness who had provided them information, which was the basis for a search warrant, was suspected of being a poacher and, therefore, an unreliable source of information.

■ Wimer and Hodge contend that summary judgment was improperly granted because their complaint, which sounds in simple negligence, is a claim for which the state is liable pursuant to I.C. § 6-903. They rely upon language contained in the following part of subsection (a):

> (a) Except as otherwise provided in this act, every governmental entity is subject to liability for money damages arising out of its negligent or otherwise wrongful acts or omissions and those of its employees acting within the course and scope of their employment or duties, whether arising out of a governmental or proprietary function, where the govern-

> mental entity if a private person or entity would be liable for money damages under the laws of the state of Idaho, ....

They argue that the acts of the officers "constitute a wrongful act or omission" and do not fall into either the discretionary function exemption or the exemption for claims arising out of malicious prosecution or abuse of process contained in I.C. § 6-904, as the state contends. Finally, they argue on appeal that their affidavits submitted in opposition to the state's motion "at least set out a factual question upon which an action should pass summary judgment."

For the purposes of their claim for negligence we will assume that Wimer and Hodge have alleged facts sufficient to show negligent acts or omissions on the part of the officers, apart from the opinions and conclusions contained in their respective affidavits. They have not alleged that any special duty of care was owed to them by any of the defendants. They contend merely that the defendants had a general duty of care to avoid injury to others. None of the parties has discussed by what special standards, if any, the investigative conduct of the officers should be measured.

As a starting point of our analysis, we believe it is clear from the above quoted language of I.C. § 6-903 that plaintiffs' negligence claim against the state and the state can succeed only if "a private person or entity would be liable for money damages under the laws of the state of Idaho" for such a claim. *Compare Czaplicki v. Gooding Joint School District No. 231*, 116 Idaho 326, 330, 775 P.2d 640, 644 (1989), ("In ruling on a motion for summary judgment based upon an immunity defense under the [ITCA], a trial judge should first determine whether the plaintiffs' allegations and supporting record generally state a cause of action for which 'a private person or entity would be liable for money damages under the laws of the state of Idaho.'"). The ITCA does not purport to create any new torts that did not exist at common law or pursuant to other statutes. Subsection (f) of I.C. § 6-903 states, in part, that "[n]othing in this act

shall enlarge or otherwise adversely affect the liability of an employee or a governmental entity. Any immunity or other bar to a civil lawsuit under Idaho or federal law shall remain in effect."

■ Plaintiffs have cited to us no cases from Idaho or any other jurisdiction recognizing the tort of negligent investigation of a crime. Our own research has uncovered no states that have held that a cause of action for negligent investigation exists. Therefore, we accept the statement in *Dirienzo v. United States,* 690 F.Supp. 1149 (D.Conn.1988), that the common law did not impose liability upon even a private person for mere negligence in instituting or continuing a criminal prosecution for a crime which has actually occurred. 690 F.Supp. at 1154.

On the other hand, recovery for negligence in investigating or prosecuting a crime has been specifically denied in a number of jurisdictions. *See Dever v. Fowler,* 63 Wash.App. 35, 816 P.2d 1237, 1242 (1991), *citing Smith v. State,* 324 N.W.2d 299, 302 (Iowa 1982); *Drake v. State,* 126 Misc.2d 309, 482 N.Y.S.2d 208, 210 (N.Y.Ct. Cl.1984); *Gisondi v. Harrison,* 120 A.D.2d 48, 507 N.Y.S.2d 419, 423 (N.Y.App.Div. 1986); *Boose v. Rochester,* 71 A.D.2d 59, 421 N.Y.S.2d 740, 744 (N.Y.App.Div.1979). *See also Johnson v. City of Pacifica,* 4 Cal.App.3d 82, 84 Cal.Rptr. 246, 249 (1970), *cited in Smith v. State, supra; Montgomery Ward Co. v. Pherson,* 129 Colo. 502, 272 P.2d 643 (1954); *Wilson v. O'Neal,* 118 So.2d 101, 105 (Fla.App.1960), *cert. denied,* 365 U.S. 850, 81 S.Ct. 813, 5 L.Ed.2d 814 (1961); *Bromund v. Holt,* 24 Wis.2d 336, 129 N.W.2d 149, 153–54 (1964). We agree with the policy that to hold investigators liable for their negligent acts would impair vigorous prosecution and have a chilling effect on law enforcement. *Dever v. Fowler, supra* at 1242. *See also Thompson v. City of Capitola,* 233 Cal.App.3d 465, 284 Cal.Rptr. 548 (1991), *review granted in part, transferred,* 286 Cal.Rptr. 780, 818 P.2d 63 (Cal.1991). We conclude that the summary judgment dismissing Wimer's and Hodge's claim of negligent investiga-

tion was proper and entitled the state to judgment as a matter of law.

■ On independent grounds, we conclude that the summary judgment was also proper with respect to the plaintiffs' claim that the state was negligent in training fish and game officers. The affidavits of Wimer and Hodge indicate that they have been employed in law enforcement in California and have training and experience as evidenced by the many certificates which they have attached to their affidavits. Wimer and Hodge conclude in their respective affidavits that the training of the fish and game officers is lacking, particularly regarding search and seizure and criminal investigation. Their opinions are based on a comparison of their own California certification and training with that of the fish and game officers as described in their deposition excerpts which were also offered in opposition to the motion for summary judgment. However, the personal beliefs of Wimer and Hodge do not raise a genuine issue of material fact to be submitted to a jury.

In their depositions, the fish and game officers detailed the Police Officers Standards and Training Academy training and certification required by the Idaho Department of Fish and Game, as well as seminars and class hours of instruction on specific law enforcement issues that each had attended. The affidavits of Wimer and Hodge, described above, offered nothing to contradict the adequacy of the training provided by the state. Each affidavit ultimately rested on the proposition that the officers' training and supervision must have been deficient because of the manner in which *this* investigation was conducted. "The single incident standing by itself is not enough to support an inference that the [state] had an official policy or practice which led to [Wimer and Hodge's] injuries." *Anderson v. City of Pocatello,* 112 Idaho 176, 186, 731 P.2d 171, 181 (1986).

In support of its motion for summary judgment, the state has urged another defense under the ITCA, specifically the following part of I.C. § 6–904:

6–904. **Exceptions to governmental liability.**—A governmental entity and its employees while acting within the course and scope of their employment and without malice or criminal intent shall not be liable for any claim which:

.　　.　　.　　.　　.

3. Arises out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.

The state contends that notwithstanding the plaintiffs' efforts to phrase their claim against the defendants in terms of "negligence," the true nature of the action is one for malicious prosecution and abuse of process, falling squarely within the exception to governmental liability afforded by I.C. § 6–904. In support of this position the state cites *Pooler v. United States,* 787 F.2d 868 (3rd Cir.1986), *cert. denied,* 479 U.S. 849, 107 S.Ct. 175, 93 L.Ed.2d 111 (1986), and *Dirienzo v. United States, supra.* Both of these cases deal with comparable provisions of the Federal Tort Claims Act. While the argument of the state is persuasive and is consistent with the views we express here, we do not need to discuss it further. For the reasons stated, we have determined that the state is entitled to judgment as a matter of law on the theories urged by plaintiffs. We affirm the order granting summary judgment to the state and dismissing the plaintiffs' claims.

Costs to respondent. No attorney fees awarded on appeal.

WALTERS, C.J., and SILAK, J., concur.