■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE TURNER, Appellant. [610 NYS2d 194] —Appeal from a judgment of the Supreme Court, New York County (George Roberts, J.), rendered August 6, 1990, convicting defendant, upon his plea of guilty, of robbery in the second degree, and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of from 4 to 8 years, held in abeyance, and the matter remanded to Supreme Court for a

hearing into the reasonableness of the delay in sentencing defendant.

On August 15, 1989, defendant entered a plea of guilty to second degree robbery in satisfaction of an indictment arising out of the robbery of a cab driver on February 3rd of that year. Sentencing was set for September 6th and the matter adjourned. Sentence, however, was not imposed until August 6, 1990, at which time defendant received the term of 4 to 8 years he had been promised in return for his guilty plea. Defense counsel then moved to vacate the plea on the ground that the court had lost jurisdiction as a result of excessive delay in imposing sentence.

Aside from statements by defendant that he had been "shuttled back and forth on numerous occasions" and had "been brought back to New York twice and nothing has happened", the record is devoid of any evidence concerning the efforts of the People to ascertain defendant's whereabouts and produce him for sentencing. The People's brief concedes that the "court file has been misplaced or lost" and offers a "chronology of events", taken from "information and documents contained in the District Attorney's Office file", that include defendant's return to the District of Columbia under a writ of habeas corpus received on September 24, 1989. The file and documents referred to in the brief, however, are not included in the record on appeal.

Pursuant to CPL 380.30 (1), "[s]entence must be pronounced without unreasonable delay." The "burden rests upon the prosecutor and the court to conclude the proceedings with reasonable promptness and the failure to do so may result in a loss of jurisdiction * * * [I]n all cases the initiative rests with the court and the prosecution, not the defendant" *(People v Drake,* 61 NY2d 359, 362). In the absence of a sufficient record to permit appellate review of the explanation offered to excuse the delay in sentencing, the "issue can only be resolved at a hearing where the underlying facts can be developed and evaluated" *(People v Miller,* 130 AD2d 449, 450-451, citing *People v McLaurin,* 38 NY2d 123, 126). Concur—Sullivan, J. P., Rosenberger, Ross, Rubin and Williams, JJ.