■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE TURNER, Appellant. [634 NYS2d 685] —Judgment of the Supreme Court, New York County (George Roberts, J.), rendered August 6, 1990, convicting defendant, upon his plea of guilty, of robbery in the second degree, and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of from 4 to 8 years, unanimously affirmed.

Defendant argues that an 11-month delay from September 6, 1989, the date scheduled for sentencing, to August 6, 1990, when sentence was ultimately imposed, warrants reversal of his conviction and dismissal of the indictment against him. This Court directed a reconstruction hearing to determine the reason for the delay and the efforts made to secure defendant's presence for sentencing (*People v Turner*, 203 AD2d 22). In denying defendant's motion to dismiss the indictment, Supreme Court (Dorothy Cropper, J.) held that "the delay was not per se unreasonable and there are plausible reasons to explain it."

The minutes of the hearing reflect that, during the bulk of the period in question, defendant was being held by the District of Columbia under the name Edwin Watkins in connection with a forgery charge. Defendant was also sought under a number of outstanding warrants issued in connection with charges pending against him in the Washington, D.C. area— two for "house break-in[s]", a third for burglary and a fourth for violation of probation (Maryland). From what a Trial Preparation Assistant was able to learn from telephone calls to cor-

rection officials at Rikers Island, defendant was "removed" on September 1, 1989, apparently by Federal Marshals, to either the District of Columbia or Maryland. According to defendant, his real name is Edwin Coleman Watkins, Jr., but he employs various aliases including Tyrone Turner, Edwin Loggins and Emery Sergeant.

At the outset, it must be observed that there is no specific time during which a defendant must be sentenced (CPL 380.30 [1]), and a delay in sentencing of one year is not unreasonable as a matter of law (compare, *People v Drake*, 61 NY2d 359 [3 years]; *People v Monaghan*, 34 AD2d 815 [7 years]; *People v Newcombe*, 18 AD2d 1087 [4 years], *with Matter of Weinstein v Haft*, 60 NY2d 625 [1 year]; *Matter of Braunstein v Frawley*, 64 AD2d 772 [11 months]; *People ex rel. Weingard v Casscles*, 40 AD2d 530 [19 months]; *People v Gibson*, 39 AD2d 947 [1 year]). As delays "are unavoidable in many instances", the rule requiring the vacating of a conviction and dismissal of the underlying indictment is "to be applied to extremely long and unreasonable delays only" (*People ex rel. Harty v Fay*, 10 NY2d 374, 379 [6 years]).

In this matter, defendant was detained in and around the District of Columbia on a number of criminal charges. The People, through diligent efforts, were able to locate him and attempted to produce him for sentencing in this jurisdiction. Defendant acknowledges that these efforts met with some success as he was briefly returned to New York in early 1990 but, because the prosecution was not informed of his movements, he was returned to the District of Columbia before he could be located within the correction system. Defendant was sentenced in Washington, D.C. on May 21, 1990 and returned to New York in late June. An order directing his production for sentencing was signed on July 13, 1990.

The delay in sentencing defendant was hardly unreasonable in light of the ongoing prosecution in Washington, D.C. and what Supreme Court viewed as the choice of Federal authorities "to place their own interests above those of the State. That there was no cooperation given to fellow law enforcement agencies was inexcusably at the heart of the State's difficulties in producing the defendant for sentence." Indeed, there is an indication in the record that, while defendant was in New York in early 1990, the United States Attorney's Office had "no idea" of his whereabouts.

We agree that the delay in this case is not unreasonable. Defendant will not be permitted to avoid punishment for a crime committed in this jurisdiction because he was being prosecuted

on other charges in another jurisdiction, resulting in a modest delay in the imposition of sentence. This result is in complete accordance with the observation of the Court of Appeals in *People v Drake* (*supra*, at 366) that, "where the delay is not protracted and plausible reasons are offered to explain it, the courts hold that it is not unreasonable." The contention that the People should be held to a due diligence standard in securing a defendant's attendance for sentencing akin to that of CPL 30.30 (4) (c) has been considered by this Court and rejected (*People v Reyes*, 214 AD2d 233).

Defendant's other contentions have been examined and found to be without merit. Concur—Sullivan, J. P., Rosenberger, Rubin, Ross and Williams, JJ.