716 P.2d 1287

**Gary HATHAWAY and Kathy Hathaway, husband and wife; and Michael Hathaway, Plaintiffs-appellants,**

v.

**Raymond D. KRUMERY and Joann L. Krumery, husband and wife; and Boundary Aviation, Inc., an Idaho corporation, Defendants-respondents.**

No. 15645.

Supreme Court of Idaho.

March 12, 1986.

Peter B. Wilson, Bonners Ferry, for plaintiffs-appellants.

Randall W. Day, Bonners Ferry, for defendants-respondents.

**PER CURIAM:**

Plaintiffs appeal from a partial summary judgment dismissing plaintiffs' claim for damages for negligent infliction of emotional distress. Plaintiffs' complaint alleged that the defendants contracted to perform maintenance and repair on the plaintiffs aircraft; that the defendants' performance of that maintenance and repair was grossly negligent; and that, as a result of the defendants' conduct, the plaintiffs' aircraft malfunctioned on two occasions, one of which resulted in an emergency landing, the other a crash landing. Plaintiffs' complaint sought damages for repairs to the aircraft, wrongful withholding of log books, punitive damages, and damages for severe emotional distress even though the plaintiffs suffered no physical injuries.

The district court granted partial summary judgment dismissing the plaintiffs' claim for damages for negligent infliction of emotional distress, concluding that damages for negligent infliction of emotional distress could not be awarded in a case where there were no physical injuries. Plaintiffs appeal the partial summary judgment, asserting as their sole issue on appeal, "Is it necessary to show physical injury in establishing a cause of action for negligent infliction of emotional distress?" We affirm.

This Court has refused to recognize a cause of action in tort arising from negligent infliction of emotional distress where there was no physical injury. *See Summers v. Western Idaho Potato Processing Co.*, 94 Idaho 1, 479 P.2d 292 (1970). Nor are we persuaded that a characterization of this action as one arising out of contract would allow plaintiffs to recover. In the recent case of *Brown v. Fritz*, 108 Idaho 357, 699 P.2d 1371 (1985), we held "when damages are sought for breach of a contractual relationship, there can be no recovery for emotional distress suffered by a plaintiff. ... We emphasize that our ruling today speaks only to damages asserted for emotional distress which arise from or have their roots in the breach of a contractual relationship." 108 Idaho at 363, 699 P.2d at 1377. As in *Brown v. Fritz, supra*, the "roots" of the plaintiffs' claim in this case result from the contractual relationship which arose when the defendant contracted to perform repair and maintenance on plaintiffs' aircraft. Accordingly, our decision today is controlled by *Brown v.*

*Fritz, supra,* and we affirm the decision of the district court which dismissed plaintiffs' claim.

Affirmed. Costs to respondents.