51 P.3d 432

**Alan HAGY, Plaintiff–Appellant,**

v.

**STATE of Idaho, Bannock County, City of Pocatello, Idaho, Defendants–Respondents.**

**No. 27015.**

Court of Appeals of Idaho.

May 8, 2002.

Review Denied Aug. 1, 2002.

Richard D. Vance, Pocatello, for appellant.

Hon. Alan G. Lance, Attorney General; Jack H. Robison, Special Deputy Attorney General, Pocatello for respondent, State of Idaho. Jack H. Robison, argued.

Holden, Kidwell, Hahn & Crapo, Idaho Falls, for respondents, Bannock County and City of Pocatello. Donald L. Harris argued.

PERRY, Chief Judge.

Alan Hagy appeals from the district court's orders dismissing his complaint against defendants State of Idaho, Bannock County, and the City of Pocatello. Hagy's counsel, Richard D. Vance, challenges the district court's order imposing sanctions against Vance, individually, pursuant to I.R.C.P. 11. We affirm in part, vacate in part, and remand.

## I.

## FACTUAL AND PROCEDURAL HISTORY

On June 5, 1998, the body of Hagy's sister, Karen, was found in the Portneuf River in Pocatello. Approximately three weeks later, Hagy's mother, Delores, suffered a heart attack and died. On October 13, Hagy mailed a letter to the Secretary of State's office, requesting that all agencies undertake appropriate inquiry in order to determine who was responsible for Karen's death. On April 17, 2000, Hagy filed a complaint against the state, county, and city. Specifically, Hagy alleged that the city police and county sheriff negligently investigated Karen's death and that the county coroner was negligent in failing to conduct an autopsy on Karen's body. With regard to the state, Hagy contended that the state breached its duty to involuntarily commit Karen to a mental health facility.

Hagy also purported to bring a civil action of homicide alleging that, approximately five months prior to Karen's death, she purchased a life insurance policy and that it was unknown to Hagy where Karen was able to acquire the money to purchase the policy. Hagy further alleged that, because two of the beneficiaries of the life insurance policy were two of Karen's mental health care providers, those two mental health care providers directly or indirectly intentionally caused Karen's death. However, Hagy did not allege which of the three defendants these two mental health care providers were employed by. Hagy's complaint alleged that as a result, the state was responsible for the deaths of Karen and his mother. Hagy sought compensation for the "suffering and emotional

distress that he has suffered and will suffer for the death of his sister and mother" and compensation for the "emotional distress that he has incurred because of his inability to know the cause of his sister's death."

The state, county and city each filed a motion to dismiss Hagy's complaint for failure to state a claim upon which relief could be granted and requested Rule 11 sanctions. After a hearing, the district court dismissed Hagy's complaint against the county and city, concluding that Idaho does not recognize a cause of action for negligent investigation. The district court took the remainder of the motions under advisement pending the filing of an amended complaint by Hagy.

Hagy filed a motion to reconsider the order dismissing the complaint against the county and city and a motion to amend his complaint. The district court denied Hagy's motion to reconsider and his motion to file an amended complaint and dismissed Hagy's complaint against the state with prejudice. Additionally, the district court ordered Vance to pay Rule 11 sanctions of $3,000. Hagy appeals.

## II.

### STANDARD OF REVIEW

In reviewing a trial court's order granting a motion to dismiss, our standard of review is the same as our summary judgment standard. *Rim View Trout Co. v. Idaho Dep't of Water Res.*, 119 Idaho 676, 677, 809 P.2d 1155, 1156 (1991). We first note that summary judgment under I.R.C.P. 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct.App.1986). When assessing a motion for summary judgment, all controverted facts are to be liberally construed in favor of the nonmoving party. Furthermore, the trial court must draw all reasonable inferences in favor of the party resisting the motion. *G & M Farms v. Funk Irriga-*

*tion Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct.App.1994).

## III.

### ANALYSIS

#### A. Claim Against the City

▪ Hagy contends that the district court erred in dismissing his complaint against the city, asserting that the cause of action alleged is a valid claim pursuant to I.C. § 6–903. The Idaho Tort Claims Act (ITCA), I.C. §§ 6–901 to –929, subjects government entities to liability for negligent or wrongful acts committed by the entity or its employees where a private person would also be liable. *Limbert v. Twin Falls County*, 131 Idaho 344, 346, 955 P.2d 1123, 1125 (Ct.App.1998), *Herrera v. Conner*, 111 Idaho 1012, 1021, 729 P.2d 1075, 1084 (Ct.App. 1987). When a trial court is considering a motion for dismissal of a complaint against a governmental entity and its employees under the ITCA, the Idaho Supreme Court has stated that:

> [A] trial judge should first determine whether the plaintiffs' allegations and supporting record generally state a cause of action for which "a private person or entity would be liable for money damages under the laws of the state of Idaho." *Walker v. Shoshone County*, 112 Idaho 991, 995, 739 P.2d 290, 294 (1987).... In consideration of the initial inquiry as to whether a private individual or entity could be held liable under the facts alleged in the complaint, we essentially ask "is there such a tort under the laws of Idaho?" *Id.*

*Czaplicki v. Gooding Joint Sch. Dist. No. 231*, 116 Idaho 326, 330, 775 P.2d 640, 644 (1989).

In this case, the district court concluded that under *Wimer v. State*, 122 Idaho 923, 841 P.2d 453 (Ct.App.1992), Idaho does not recognize a cause of action for negligent investigation. In *Wimer*, the appellants brought a claim against the state under the ITCA contending that two Department of Fish and Game officers had negligently con-

ducted their investigation into the appellant's alleged poaching of elk. This Court stated:

> Our own research has uncovered no states that have held that a cause of action for negligent investigation exists. Therefore, we accept the statement in *Dirienzo v. United States*, 690 F.Supp. 1149 (D.Conn.1988), that the common law did not impose liability upon even a private person for mere negligence in instituting or continuing a criminal prosecution for a crime which has actually occurred.

*Id.* at 925, 841 P.2d at 455. Because Idaho does not recognize a cause of action for negligent investigation, the district court did not err in dismissing Hagy's complaint against the city.

## B. Claim Against the County

With regard to the county, Hagy first argues that the district court abused its discretion when it determined that negligent investigation is not a cause of action recognized in this state. Based on our analysis of this issue with regard to the city, we conclude that the district court did not abuse its discretion with regard to this issue as it also applies to the county sheriff.

■ Hagy further argues that the district court erred when it dismissed his claim that the county is liable due to the county coroner's failure to perform an autopsy. Hagy contends that I.C. § 19–4301(b) imposes a duty on a county coroner to investigate a death that occurs under unknown or suspicious circumstances and that the coroner in this case breached that duty by not performing an autopsy on Karen.

Idaho Code Section 19–4301(b) requires that, when a coroner is informed that a person in the county has died under unknown circumstances, the coroner must refer the investigation to either the county sheriff or chief of police. There is no dispute between the parties in this case that an investigation was conducted.

■ However, Idaho Code Section 19–4301B provides that a coroner *may* request a medical doctor to perform an autopsy and give a professional opinion as to the cause of death. As this section deals directly with the issue of when an autopsy may be ordered, it is the more specific statute in this case. A basic tenet of statutory construction is that the more specific statute or section addressing the issue controls over the statute that is more general. *See Mulder v. Liberty Northwest Ins. Co.*, 135 Idaho 52, 58, 14 P.3d 372, 378 (2000). Therefore, I.C. § 19–4301B controls in this case and dictates that the performance of an autopsy is not mandatory, but rather falls within the discretion of the coroner. We conclude that based on the language of this statute, the district court did not err when it determined that the coroner did not owe a duty to perform an autopsy on Karen and properly dismissed Hagy's complaint against the county.

## C. Claims Against the State

■ Hagy next argues that the district court erred when it dismissed his complaint against the state. The district court dismissed the complaint on the basis that Hagy's letter sent to the state was insufficient to constitute an effective notice of tort claim under the ITCA. The state responds on appeal that Hagy did not have standing to sue and that he failed to provide proper notice of his claims under the ITCA.

Hagy's claims were wrongful death actions brought pursuant to I.C. § 5–311. That section defines who may pursue a wrongful death action and states, in pertinent part:

> (1) When the death of a person is caused by the wrongful act or neglect of another, his or her heirs or personal representatives on their behalf may maintain an action for damages against the person causing the death . . .

> (2) For the purposes of subsection (1) of this section, "heirs" mean:

> (a) Those persons who would be entitled to succeed to the property of the decedent according to the provisions of subsection (21) of section 15–1–201, Idaho Code.

> (b) Whether or not qualified under subsection (2)(a) of this section, the decedent's spouse, children, stepchildren, parents, and, when partly or wholly dependent on the decedent for support or services, any

blood relatives and adoptive brothers and sisters.

With regard to the claim for Karen's death, Hagy is not an heir entitled to maintain an action under I.C. § 5–311. Hagy contends that his mother was an heir of Karen under the terms of the statute and that her right to maintain a wrongful death action passed to her estate when she died. Hagy argues that he, as personal representative of his mother's estate, is thus entitled to bring a claim for Karen's death on behalf of his mother's estate. However, we construe I.C. § 5–311(1) to use "personal representative" to mean the personal representative of the *decedent*, not of the *heirs*. Thus, an action may be maintained for wrongful death of a person by the decedent's heirs or the decedent's personal representative on behalf of the heirs.

■ A number of courts in other states have held that where no wrongful death action is commenced during the life of the beneficiary, the action is abated upon the death of the beneficiary. *See Re Estate of Dillman*, 8 Ill.App.2d 239, 131 N.E.2d 634 (1956); *Pedroli v. Missouri P. Railroad*, 524 S.W.2d 882 (Mo.Ct.App.1975); *Simons v. Kidd*, 73 S.D. 280, 41 N.W.2d 840 (1950); *Carter v. Van Meter*, 495 S.W.2d 583 (Tex. Civ.App.1973); *Murray v. Dewar*, 6 Wis.2d 411, 94 N.W.2d 635 (1959). Furthermore, the Idaho Supreme Court has held that no right of action is given to the estate of the victim of a tort, but is granted only to his or her heirs. *See Moon v. Bullock*, 65 Idaho 594, 605, 151 P.2d 765, 770 (1944), *overruled on other grounds by Doggett v. Boiler Eng'g & Supply Co., Inc.*, 93 Idaho 888, 477 P.2d 511 (1970). If there are no heirs, no right of action vests in anybody. *Id.*

■ Upon our review of the law, we conclude that the wrongful death action for Karen's death abated with the death of Hagy's mother. For this reason, Hagy did not have standing to pursue a claim against the state for Karen's death. Although argued by the parties below, the district court did not dismiss Hagy's complaint on that precise reasoning. However, an appellate court may affirm a lower court's decision on a legal theory different from the one applied by that court. *Matter of Estate of Bagley*, 117 Idaho 1091, 1093, 793 P.2d 1263, 1265 (Ct.App. 1990). Thus, we conclude that the district court did not err in dismissing Hagy's complaint against the state for Karen's death.

■ With regard to Hagy's claim against the state for his mother's death, Hagy is an heir under the terms of I.C. § 5–311 and had standing to bring such a claim. However, the record lacks evidence that Hagy sent the state a sufficient notice of tort claim as required by the ITCA. Hagy asserts that the notice sent regarding his sister's death was detailed enough to put the state on notice regarding his claim for his mother's death. The notice, in the form of a letter from Hagy's attorney, stated, "I have been retained by Alan Hagy to represent him with regard to the wrongful death of his sister Kathy [*sic*] Hagy." The remaining portions of the notice deal exclusively with the circumstances of Karen's death and only request that the state, county and city conduct an investigation into the circumstances of Karen's death. The notice further stated:

The events prior to and subsequent to Karen's death are questionable, unknown and potentially criminal. The individuals responsible for her death, at this point, are unknown.

As Mr. Hagy's attorney, I would respectfully request that all agencies induce appropriate inquiry in order to determine who is responsible for Karen's death.

The only mention of Hagy's mother in the notice occurs near the end and consists of one reference: "After Karen's death, her mother suffered a heart attack and died because of Karen's death. The events and circumstances subsequent to Karen's death are unfortunate and are also a result of these defendant's responsibility." We conclude that this passing reference to Hagy's mother was insufficient to put the state on notice that Hagy was also filing a claim for the death of his mother. Therefore, we find no error in the district court's dismissal of Hagy's complaint against the state.

## D. Rule 11 Sanctions

■ Vance, as counsel for Hagy, challenges the district court's order imposing

Rule 11 sanctions against him individually. In determining whether a district court's imposition of Rule 11 sanctions is proper, we determine: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

▮ Pursuant to I.R.C.P. 11(a)(1), pleadings, motions, and other papers signed by an attorney must meet certain criteria, and failure to meet such criteria will result in the imposition of sanctions. *See Durrant v. Christensen,* 117 Idaho 70, 74, 785 P.2d 634, 638 (1990). Rule 11(a)(1) requires that pleadings be: (1) well grounded in fact; (2) warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and (3) not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increases in the costs of litigation. In evaluating an attorney's conduct in filing a pleading, the district court must determine whether the attorney exercised reasonableness under the circumstances and made a proper investigation upon reasonable inquiry into the facts and legal theories before signing and filing the document. *Riggins v. Smith,* 126 Idaho 1017, 1021, 895 P.2d 1210, 1214 (1995).

The district court ordered sanctions against Vance after finding that Hagy's complaint was commenced without conducting any investigation. The district court concluded, as a matter of law, that sanctions were proper based on the frivolous and unsupported pursuit of the action and Vance's failure to provide the district court with any evidence to support the allegations made in the complaint.

After a review of the record in this case, we conclude that the district court did not err in imposing sanctions in favor of the city and county. At a hearing held on September 11, 2000, Vance represented to the district court that a private investigator had been hired and that the county's and city's actions after Karen's death had been investigated thoroughly. Vance was unable to produce the private investigator's reports or even recall the investigator's name. Vance never requested a copy of the police report regarding Karen's death. The record reveals that Vance did not make a reasonable inquiry into the facts prior to filing Hagy's initial complaint. It is also clear from the record that Vance failed to make a reasonable inquiry into the law involved as required by Rule 11. Hagy alleged a civil case against the city and county for a cause of action that, under clear precedent, is not recognized in this state.

▮ Rule 11 sanctions, however, were not proper to be awarded in favor of the state. Although we have determined that Hagy had no standing to file suit on behalf of his mother's estate and did not give any notice to the state that he was filing a claim regarding his mother's death, a legitimate argument can be proffered on those issues. Accordingly, we affirm the district court's order imposing Rule 11 sanctions against Vance in favor of the city and county, but vacate as to any award in favor of the state. Because the district court did not delineate individual amounts awarded to each defendant, we must remand for a determination of such.

### E. Attorney Fees on Appeal

▮ On appeal, the state, county, and city seek an award of attorney's fees, claiming that Hagy's appeal was pursued frivolously, unreasonably and without foundation. An award of attorney fees may be granted to the prevailing party pursuant to I.C. § 12–121 and I.A.R. 41. *Excel Leasing Co. v. Christensen,* 115 Idaho 708, 712, 769 P.2d 585, 589 (Ct.App.1989). Such an award is appropriate when the court is left with the abiding belief that the appeal has been brought, or defended frivolously, unreasonably, or without foundation. *Id.* However, attorney fees will not be awarded where the losing party brought the appeal in good faith and where a genuine issue of law was presented. *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979).

After having thoroughly reviewed all the issues raised and the arguments presented on this appeal, we are left with the abiding belief that Hagy's appeal against the city and county was brought frivolously, unreasonably, and without legal or factual foundation. As he did below, Hagy urged this Court to grant relief for a cause of action that is not recognized in this state. Therefore, we award the county and city attorney fees on appeal. For the same reasons that we vacate the Rule 11 sanction awarded below, no attorney fees will be awarded to the state on appeal.

## IV.

## CONCLUSION

The district court did not err in dismissing Hagy's complaint against the state, county, and city. Negligent investigation is not a recognized cause of action in this state. Hagy did not have standing to bring a claim for Karen's death on behalf of his mother's estate. Furthermore, although Hagy had standing to pursue a tort claim against the state for the death of his mother, his notice of tort claim failed to give adequate notice to the state regarding that claim. Accordingly, the district court's orders dismissing Hagy's complaint are affirmed. In addition, the district court's order imposing sanctions against Vance in favor of the city and county is affirmed. Costs and attorney fees on appeal are awarded to the county and city. The Rule 11 sanctions awarded to the state, however, are vacated and remanded. Costs, but not attorney fees, on appeal are awarded to the state.

Judge LANSING and Judge GUTIERREZ, concur.